UNITED STATES of America,
Plaintiff–Appellee,

v.

Jerry F. ARNOLD, Defendant–Appellant.

No. 94–6176.

United States Court of Appeals,
Sixth Circuit.

Argued May 18, 1995.

Decided July 13, 1995.

Mer..edes C. Maynor-Faulcon, Asst. U.S. Atty. (briefed), William M. Cohen (argued), Office of U.S. Atty., Nashville, TN, for plaintiff-appellee.

C. Douglas Thoresen, Asst. Federal Public Defender, Nashville, TN (argued and briefed), for defendant-appellant.

Before: MILBURN and SILER, Circuit Judges; COOK, Chief District Judge.*

MILBURN, Circuit Judge.

Defendant Jerry F. Arnold appeals the sentence imposed by the district court following his guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, the issue is whether the district court erred in concluding that defendant's prior conviction for assault with intent to commit sexual battery constituted a crime of violence under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2(1) and thus improperly failed to use the lower base offense level authorized in U.S.S.G. § 2K2.1(b)(2) for possession of firearms for lawful sporting purposes. For the reasons that follow, we reverse and remand.

* The Honorable Julian A. Cook, Jr., Chief United States District Judge for the Eastern District of Michigan, sitting by designation.

## I.

### A.

On February 23, 1993, agents of the United States Bureau of Alcohol, Tobacco and Firearms ("ATF") conducted an interview with Teresa Marie Lambardo, a resident of defendant Jerry Arnold's home, at defendant's home, regarding defendant's possession of firearms. The interview was prompted by the ATF's receipt of information that defendant might have been responsible for the shooting of an American bald eagle in Humphreys County, Tennessee. During the interview, ATF agents observed, in plain view, a gun cabinet that they later discovered contained four firearms and assorted ammunition. Defendant arrived at his home during the interview and was questioned by the ATF agents. He signed a form consenting to the search of his home and provided a key to unlock the gun cabinet. Defendant informed the ATF agents that he hunted with all of the weapons in his possession except a .22 caliber rifle.[1] He also stated that he was a member and president of the Professional Mechanics and Carpenters Hunting Club.

In an affidavit, defendant admitted that he had possessed firearms since the time of his prior felony conviction in 1985. He stated that he used the firearms primarily for hunting deer and squirrel. He also stated that he had purchased at least one gun since the time of his prior conviction.

### B.

On March 30, 1994, a federal grand jury returned a one-count indictment against defendant, charging him with being a previously-convicted felon knowingly in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant was arrested on April 5, 1994. On June 7, 1994, defendant entered a guilty plea to the charge in the indictment. Pursuant to the plea agreement, the government recommended that the district court use the lower one-third of the guideline range and that the district court depart downward three levels for acceptance of responsibility, and, further, the government acknowledged that defendant possessed the firearms for lawful sporting purposes.

The presentence investigation report included a determination that defendant did not qualify for the lower offense level provided in § 2K2.1(b)(2), which applies when a defendant is in possession of firearms solely for lawful sporting purposes. The report found § 2K2.1(b)(2) inapplicable because defendant had previously been convicted in Tennessee of assault with intent to commit sexual battery.[2] According to the report, this offense constituted a crime of violence under § 4B1.2(1)(i), thereby precluding application of § 2K2.1(b)(2). Defendant objected to this conclusion, arguing that the use of force, which is one of the requirements for an offense to qualify as a crime of violence, could not be determined from the statutory elements of the offense of which he was convicted. The government responded that because force was one possible means of establishing assault with intent to commit sexual battery, the offense qualified as a crime of violence.

Defendant's sentencing hearing was held on August 25, 1994. At the hearing, defense counsel continued to argue that defendant's prior conviction should not be considered a crime of violence that would preclude a decreased offense level under § 2K2.1(b)(2) for possession of firearms for lawful sporting purposes. However, the district court rejected defendant's argument, taking into consid-

---

1. ATF agents ultimately determined that defendant did not shoot and kill the American bald eagle.

2. According to the presentence investigation report, the prior conviction resulted from allegations by defendant's former wife that defendant had attempted to rape her 12-year-old daughter. Defendant's former wife alleges that she came home one afternoon to find her daughter in a bedroom closet and defendant in the bed in the same room. The daughter informed her mother that defendant had put his hands on her legs and the private parts of her body. Defendant denied the allegations but entered a plea of nolo contendere to the charge of aggravated sexual assault. On December 30, 1985, defendant was sentenced to two years of probation. An amended judgment was entered on July 18, 1994, finding defendant guilty of assault with intent to commit sexual battery.

eration both the statute under which defendant was convicted and factual information contained in the presentence investigation report, and proceeded to sentence defendant pursuant to U.S.S.G. § 2K2.1(a)(4). Defendant was sentenced to 30 months imprisonment and two years of supervised release. In addition, the district court imposed a special assessment of $50 and ordered defendant to participate in an alcohol abuse program under the supervision of the United States Probation Office.[3] This timely appeal followed.

## II.

■ Defendant argues that the district court erred in failing to sentence him pursuant to § 2K2.1(b)(2), which authorizes a lower base offense level when a defendant possesses firearms solely for lawful sporting purposes. Defendant acknowledges that a person with a prior conviction for a crime of violence, as defined in § 4B1.2(1), cannot receive the benefit of this provision, but he argues that the district court erred in finding that his prior conviction for assault with intent to commit sexual battery constituted such an offense. "As an interpretation of the Guidelines, the district court's determination ... is a question of law subject to de novo review." *United States v. Garza*, 999 F.2d 1048, 1051 (6th Cir.1993); *United States v. Bondurant*, 39 F.3d 665, 667 (6th Cir.1994); *see also United States v. Parson*, 955 F.2d 858, 863 (3d Cir.1992) (applying a de novo standard of review to the determination of the proper construction of the term "crime of violence" under the Guidelines).

Pursuant to § 2K2.1(b)(2), a defendant "other than a defendant subject to subsection (a)(1), (a)(2), (a)(3), (a)(4), or (a)(5)," who "possessed all ammunition and firearms solely for lawful sporting purposes ... and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition," is entitled to a decrease in his offense level to six. However, § 2K2.1(a)(4) provides that

the base offense level for a defendant with "one prior felony conviction of ... a crime of violence" is 20. Thus, if defendant's prior conviction for assault with intent to commit sexual battery constitutes a crime of violence, defendant is not entitled to rely on the provisions of § 2K2.1(b)(2) to reduce his base offense level. Accordingly, before we can determine whether defendant was entitled to receive the benefit of § 2K2.1(b)(2), we must determine whether the district court erred in finding that defendant's prior conviction for assault with intent to commit sexual battery constituted a crime of violence under the Guidelines.

The term "crime of violence" is defined in the Guidelines as

> any offense under federal law or state law punishable by imprisonment for a term exceeding one year that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(1). The application notes following this section clarify this definition. The second note states:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included where (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its very nature, presented a serious potential risk of physical injury to another. Under this section, the conduct of which the defendant was convicted is the focus of inquiry.

---

3. The guideline under which defendant was sentenced, U.S.S.G. § 2K2.1(a)(4), carries an offense level of 20 and an imprisonment range of 30 to 37 months. Had the district court found defen-

dant eligible for sentencing under U.S.S.G. § 2K2.1(b)(2), the base offense level would have been reduced to six, and the imprisonment range would have been zero to six months.

U.S.S.G. § 4B1.2 commentary (application note 2).

> [T]he Sentencing Commission essentially envisioned three independent ways by which a prior conviction will be considered a "crime of violence": (1) the prior conviction is for a crime that is among those specifically enumerated ...; (2) the prior conviction is for a crime that, although not specifically enumerated, has as an element of the offense the use, attempted use, or threatened use of physical force; or (3) the prior conviction is for a crime that, although neither specifically enumerated nor involving physical force as an element of the offense, involves conduct posing a serious potential risk of physical injury to another.

*United States v. John,* 936 F.2d 764, 767 (3d Cir.1991). Defendant's prior conviction for assault with intent to commit sexual battery clearly does not involve one of the offenses specifically enumerated in the commentary. Therefore, we turn our attention to the remaining methods for determining if defendant's prior offense constituted a crime of violence.

█ The district court in this case found that defendant's prior conviction was for a crime of violence, in light of both the statutory elements of the offense and the factual description of the conduct underlying the conviction included in the presentence investigation report. Defendant argues, however, that pursuant to *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and *United States v. Mack,* 8 F.3d 1109 (6th Cir.1993) (per curiam), *vacated on other grounds,* 53 F.3d 126 (6th Cir.1995), the district court can look only to the statutory elements of defendant's prior offense to determine if the offense amounted to a crime of violence under the Guidelines.

In *Taylor,* the Supreme Court considered whether a defendant's conviction on burglary charges constituted a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which provides a sentence enhancement for persons convicted of violating the statute who have three previous convictions for "a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1); *Taylor,* 495 U.S. at 578, 110 S.Ct. at 2147. The definition of a violent felony on which the Court based its decision in *Taylor* is nearly identical to the definition of a crime of violence used in the Guidelines. *Compare* 18 U.S.C. § 924(e)(2)(B) *with* U.S.S.G. § 4B1.2(1). The Court held that sentencing courts are required to employ a categorical approach to determining what constitutes a violent felony and that their inquiry is limited to an examination of the fact of conviction and the statutory definition of the predicate offense. Any specific, underlying facts regarding the offense should be irrelevant to a sentencing court's determination. *Taylor,* 495 U.S. at 602, 110 S.Ct. at 2160; *see United States v. Lane,* 909 F.2d 895, 901 (6th Cir. 1990), *cert. denied,* 498 U.S. 1093, 111 S.Ct. 977, 112 L.Ed.2d 1062 (1991). According to the Supreme Court, the categorical approach avoids the impracticability and unfairness of allowing a sentencing court to engage in a broad factfinding inquiry relating to a defendant's prior offenses. *Taylor,* 495 U.S. at 601, 110 S.Ct. at 2159.

The categorical approach has also been applied to determinations made pursuant to the Guidelines. *See, e.g., United States v. Dolt,* 27 F.3d 235, 238 (6th Cir.1994); *United States v. Spell,* 44 F.3d 936, 939 (11th Cir. 1995); *United States v. DeLuca,* 17 F.3d 6, 8 & n.3 (1st Cir.1994) (citing *United States v. DeJesus,* 984 F.2d 21, 23 (1st Cir.1993)); *United States v. Cruz–Ventura,* 979 F.2d 146, 148–49 (9th Cir.1992); *Parson,* 955 F.2d at 872. Thus, "it is not only impermissible, but pointless, for the court to look through to the defendant's actual criminal conduct under the first two prongs." *John,* 936 F.2d at 767.

Because we employ a categorical approach, a determination as to whether an offense constitutes a "crime of violence" is based on the statutory definition of the crime. *See Dolt,* 27 F.3d at 238. Defendant in this case was convicted of assault with intent to commit sexual battery under Tenn.Code Ann. § 39–2–607, now codified at § 39–13–505. The statute defined sexual battery as "unlawful sexual contact with another person accompanied by any of the circumstances listed in § 39–2–604 [recodified at § 39–13–503]." The circumstances listed in Tenn.Code Ann. § 39–2–604, the rape statute, include: (1) the

use of force or coercion; (2) the actor's knowledge that the victim is mentally deficient or physically incapacitated; and (3) the actor's successful perpetration of a fraud to accomplish the contact. The possible circumstances establishing the offense are clearly listed in the disjunctive, demonstrating that force may, but need not, be involved in an assault with intent to commit sexual battery under Tennessee law. Moreover, Tennessee courts have interpreted the state's rape statute to allow conviction if sexual penetration is accomplished "by force *or* coercion *or* [by] committ[ing the act] upon a physically or mentally helpless victim." *State v. McKnight*, No. 03C01–9310–CR–00339, 1994 WL 660451 (Tenn.Crim.App. Nov. 21, 1994) (unpublished disposition). Because Tennessee defines assault with intent to commit sexual battery by reference to the circumstances listed in the rape statute, this interpretation of the statute bears on our understanding of the elements of assault with intent to commit sexual battery. Consequently, we cannot conclusively find that force is an essential element of defendant's offense.

The government in this case argues that because force is one of the methods by which assault with intent to commit sexual battery may be established, the crime includes the use of force as an element. However, it is not enough that force is a conceivable means of accomplishing the offense. An assault could also be accomplished under this statute by fraud, which would not involve an element of force or attempted or threatened force. Even the portion of § 39–2–604 introducing force as a circumstance under which the offense may occur provides that "force *or* coercion [can be] used to accomplish the act." Tenn.Code Ann. § 39–2–604(a)(1) (emphasis added). As we noted in our first opinion in

*Mack,* "[c]oercion may, but need not, involve force." *Mack,* 8 F.3d at 1112. Thus, we cannot conclude, using a categorical approach, that assault with intent to commit sexual battery under Tennessee law is a crime involving the use of force, attempted force, or threatened force for purposes of U.S.S.G. § 4B1.2(1)(i).[4]

■ Defendant's objection to the district court's reliance on the underlying facts of his conviction is a valid one. The district court's inquiry must "stop[ ] short of embracing the actual conduct underlying a prior conviction." *United States v. Kaplansky,* 42 F.3d 320, 323 (6th Cir.1994) (en banc). In this case, the district court's reliance on the presentence investigation report was outside the scope of its discretion. If § 4B1.2(1) included only subsection (i), we would agree with defendant that he should not have been sentenced pursuant to § 2K2.1(a)(4) and that he should have received the benefit of the lower base offense level authorized in § 2K2.1(b)(2). However, before we can reach such a conclusion, we must consider whether defendant's prior conviction involved an offense that presented a serious potential risk of physical injury to another person under § 4B1.2(1)(ii). The first question to be resolved in making this determination is whether the district court can properly consider the underlying facts of defendant's prior conviction or whether its review is properly confined to the statutory elements of the offense. This question has provoked substantial disagreement among the circuits and has been the subject of several recent amendments to the Guidelines commentary.

In *United States v. Maddalena,* 893 F.2d 815 (6th Cir.1989), *cert. denied,* 502 U.S. 882, 112 S.Ct. 233, 116 L.Ed.2d 190 (1991), we held that a sentencing court has discretion to

---

4. Tennessee does not have a specific statute defining the elements of assault with intent to commit sexual battery. Such a statute was included in the state code until 1982. *See* Tenn.Code Ann. § 39–3707(b). By tracing the state code sections, we have determined that the former §§ 39–2–604 and 39–2–607, under which defendant was sentenced, and the current §§ 39–13–503 and 39–13–505 are the successors to § 39–3707(b).

Even if we were to examine this case under the Tennessee assault statute, it would not change the result. The state's general assault statute,

Tenn.Code Ann. § 39–13–101, defines assault to include intentionally, recklessly, or knowingly causing injury to another; intentionally or knowingly causing another's reasonable fear of imminent bodily injury; and intentionally or knowingly causing physical contact with another person that would reasonably be considered extremely offensive or provocative. Because this statute includes elements that do not necessarily require the use of force, we are still unable to conclude that defendant's offense is a crime of violence involving an element of force.

consider evidence other than the statute of conviction in determining whether an offense presents a sufficient risk of injury to be classified as a crime of violence under the Guidelines. *Maddalena,* 893 F.2d at 820 (citing *United States v. Flores,* 875 F.2d 1110, 1112 (5th Cir.1989)). Our decision in *Maddalena* was in accord with decisions in several other circuits recognizing the authority of a sentencing court to examine the underlying facts of a defendant's prior conviction, *see, e.g., United States v. Alvarez,* 914 F.2d 915, 918 (7th Cir.1990), *cert. denied,* 500 U.S. 934, 111 S.Ct. 2057, 114 L.Ed.2d 462 (1991); *United States v. Goodman,* 914 F.2d 696, 699 (5th Cir.1990); *United States v. Williams,* 892 F.2d 296, 304 (3d Cir.1989), *cert. denied,* 496 U.S. 939, 110 S.Ct. 3221, 110 L.Ed.2d 668 (1990), although this approach was not unanimously adopted, *see United States v. Becker,* 919 F.2d 568, 570 (9th Cir.1990) (allowing analysis only of the statutory description of the offense), *cert. denied,* 499 U.S. 911, 111 S.Ct. 1118, 113 L.Ed.2d 226 (1991); *United States v. Gonzalez–Lopez,* 911 F.2d 542, 547 (11th Cir.1990) (same), *cert. denied,* 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991).

However, *Maddalena,* and the other cases employing its approach, were decided on the basis of commentary to § 4B1.2 that read in relevant part: " 'Other offenses are covered only if the conduct for which the defendant was specifically convicted meets the [definition provided in § 4B1.2(1)]. For example, conviction for an escape accomplished by force ... would be covered; conviction for an escape by stealth would not be covered.' " *United States v. Johnson,* 953 F.2d 110, 112 (4th Cir.1991) (quoting U.S.S.G. § 4B1.2, commentary (application note 1)). Effective November 1, 1990, the application note in the commentary was revised to provide:

> "Other offenses are included where ... the conduct set forth in the count of which the defendant was convicted involved use of explosives or, by its nature, presented a serious potential risk of physical injury to another."

*Johnson,* 953 F.2d at 113 (quoting U.S.S.G. § 4B1.2 commentary (application note 2) (1990)). The addition of the language referring to " 'the conduct set forth in the count of which defendant was convicted' " was intended to direct sentencing courts to the description of the defendant's offense in the indictment. *United States v. Leavitt,* 925 F.2d 516, 517 (1st Cir.1991) (quoting U.S.S.G. § 4B1.2 commentary (application note 2)). Because the new phrase replaced language focusing attention on a broader range of conduct, "the conduct for which the defendant was specifically convicted," U.S.S.G. § 4B1.2 commentary (application note 2), the revised commentary was interpreted as a signal that the Sentencing Commission disfavored far-ranging factfinding inquiries by sentencing courts. *Johnson,* 953 F.2d at 113.

Some disagreement persisted among the circuits as to the scope of a sentencing court's authority to inquire into the underlying facts of a defendant's prior conviction, and the Sentencing Commission again amended the commentary to § 4B1.2, to provide, as it does now, that a sentencing court should consider "the conduct set forth (*i.e.,* expressly charged) in the count of which the defendant was convicted." U.S.S.G. § 4B1.2 commentary (application note 2). Moreover, the Sentencing Commission added a new sentence stating: "Under this section, the conduct of which the defendant was convicted is the focus of inquiry." U.S.S.G. § 4B1.2 commentary (application note 2). The explanatory commentary accompanying this amendment stated that the new provision was intended to " 'clarif[y] that the application of § 4B1.2 is determined by the offense of conviction (i.e., the conduct charged in the count of which the defendant was convicted).' " *United States v. Joshua,* 976 F.2d 844, 851 (3d Cir.1992) (quoting Guidelines Manual app. C, at 254 (1991)). As a result of this revision, most of the circuits that had previously employed the approach we followed in *Maddalena* have concluded that the plain intent of the Sentencing Commission is to limit a sentencing court's "factual inquiry [in determining the potential risk to others] to those facts charged in the indictment," *Johnson,* 953 F.2d at 113, and to allow a sentencing court to "consider conduct expressly charged ... but not any other conduct that might be associated with the offense," *United States v. Fitzhugh,* 954 F.2d 253, 255 (5th Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 259, 126 L.Ed.2d 211 (1993). We note that this approach satisfies the Supreme Court's concern in *Taylor* that allowing a broad factfinding inquiry by a sentencing court would present numerous practical difficulties. *Taylor,* 495 U.S. at 601, 110 S.Ct. at 2159.

We must accord the Sentencing Guidelines' application notes and commentary controlling weight since they are neither clearly erroneous nor inconsistent with the Guidelines. *Stinson v. United States,* — U.S. ——, ——, 113 S.Ct. 1913, 1919, 123 L.Ed.2d 598 (1993). Because we are bound by the notes and the commentary, we must recognize the limitation they place on a sentencing court's discretion and limit our holding in *Maddalena* accordingly. "By amending § 4B1.2, the Sentencing Commission made clear that only conduct 'set forth in the count of which the defendant was convicted' may be considered in determining whether the offense is a crime of violence." *Fitzhugh,* 954 F.2d at 254 (quoting U.S.S.G. § 4B1.2 commentary (application note 2)); *see also United States v. Lee,* 22 F.3d 736, 738 (7th Cir.1994); *United States v. Young,* 990 F.2d 469, 472 (9th Cir.), *cert. denied,* — U.S. ——, 114 S.Ct. 276, 126 L.Ed.2d 226 (1993); *Joshua,* 976 F.2d at 856. We conclude that the Guidelines' definition of a "crime of violence" is not intended to include behavior for which the defendant was neither charged nor convicted. Consequently, we will no longer follow the view that a sentencing court has broad discretion to consider the underlying facts of a defendant's prior conviction.

The indictment that led to defendant's prior conviction in this case is not part of the record on appeal. Because the Tennessee statute defining assault with intent to commit sexual battery includes circumstances that might or might not present a potential risk of physical injury, we cannot resolve this issue without reference to the specific conduct charged against defendant in the indictment.[5] Therefore, we shall remand this action to the district court to consider the charges in the indictment that relate to the assault with intent to commit sexual battery charge to which defendant entered a plea of nolo contendere and to determine whether the offense presented a "serious potential risk of physical injury to another" under § 4B1.2(1)(ii). We are aware that defendant was not convicted of the offense with

which he was originally charged, namely, aggravated sexual assault. Accordingly, the district court should limit its examination to only those charges in the indictment that are essential to the offense to which defendant entered his plea. *See United States v. Spell,* 44 F.3d 936, 940 (11th Cir.1995). Finally, we note that because defendant entered a plea in the prior action, it is appropriate for the district court to consider defendant's plea agreement. *Kaplansky,* 42 F.3d at 322.

### III.

In summary, under the categorical approach articulated in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and the 1991 amended commentary to § 4B1.2 of the Guidelines, a district court determining whether a prior offense constitutes a crime of violence is limited in its inquiry to an examination of the statutory elements of the defendant's prior offense. If the statute does not clearly establish that the offense involves the "use, attempted use, or threatened use of physical force," the court may then look at the charge in the indictment to which the defendant pled guilty or was adjudged guilty to determine if the offense involved a serious potential risk of physical injury to others. In the case of a guilty plea, the district court may also consider the plea agreement relating to the prior offense. Therefore, for the reasons stated, the judgment of the district court, based upon a finding that defendant's prior conviction for assault with intent to commit sexual battery was an offense necessarily involving an element of force, is REVERSED, and this case is REMANDED to the district court for further proceedings consistent with this opinion.

---

**5.** We recognize that defendant entered a plea of nolo contendere rather than a guilty plea. This fact does not change our conclusion that the district court may, if necessary, refer to the conduct charged in the indictment entered against defendant because defendant's plea of nolo contendere "has a similar legal effect as pleading guilty." *Black's Law Dictionary* 1049 (6th ed.1990); *see also Matey v. Sacks,* 284 F.2d 335, 338 (6th Cir.1960).