66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Steven Shawn BRISCOE, Defendant-Appellant.
 No. 94-6409.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1995.
 
 Before: KEITH, KENNEDY and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Steven Shawn Briscoe, appeals his conviction and sentence following a conditional guilty plea to possession of a firearm by a convicted felon. He contends that the district court erred when it: 1) granted the government's motion in limine and denied his motion to raise the defenses of public authority and equitable estoppel; 2) held that Agent Steve Parris lawfully stopped Briscoe's car; and 3) determined that Briscoe's underlying conviction for attempt to commit a felony was a crime of violence pursuant to USSG Sec. 4B1.2. For the reasons stated herein, we affirm Briscoe's conviction and sentence.
 
 I.
 
 2
 In 1992, Alcohol, Tobacco and Firearms Special Agent Parris was driving from Memphis, Tennessee, to West Memphis, Arkansas, to meet with a state prosecutor when he saw Briscoe erratically driving an automobile. Believing the driver was intoxicated, Parris followed the car across the bridge into West Memphis. After reaching speeds in excess of eighty miles per hour, Parris placed a blue light in his window, turned on his siren, and stopped the car. He learned Briscoe was the driver of the vehicle and requested his driver's license. Parris then returned to his car to check Briscoe's vehicle registration and criminal record.
 
 
 3
 Upon learning that Briscoe was a convicted felon, Parris returned to Briscoe's car and asked Briscoe whether he was armed. Briscoe admitted that he had a gun. Parris then placed him under arrest. A subsequent search of Briscoe's car revealed a Ruger 9 millimeter pistol underneath a jacket, located between the console and driver's seat.
 
 
 4
 Briscoe was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(g). After the court denied the motion to suppress, Briscoe entered a conditional guilty plea. He was subsequently sentenced to thirty months imprisonment followed by two years supervised release.
 
 II.
 
 5
 Briscoe first claims that the court erred in granting the government's motion in limine and consequently denying his motion to raise the defenses of public authority and equitable estoppel. He contends that he was unaware that he was a convicted felon and that this evidence was admissible because it demonstrated a mistake of fact concerning an essential element of the charged offense.
 
 
 6
 "A district court's evidentiary determinations are subject to an abuse of discretion standard of review." Hancock v. Dodson, 958 F.2d 1367, 1371 (6th Cir.1992) (citations omitted). To convict under Sec. 922(g) there must be "proof that the defendant knowingly received, transported, or possessed a firearm [and] ... the defendant's knowledge of the weapon's interstate nexus or of his felon status [is] irrelevant." United States v. Dancy, 861 F.2d 77, 81 (5th Cir.1988) (citations omitted). In support of his public authority and equitable estoppel defenses Briscoe contends that he relied upon the statements of his state probation officer and his attorney in the prior state action. However, at the evidentiary hearing below, the state probation officer specifically denied ever advising Briscoe that he could carry a firearm once he had completed probation. The court found this testimony to be credible.
 
 
 7
 Briscoe's attorney in the state action testified that he had advised Briscoe that the plea was to a misdemeanor. However, the state record reveals that the judge specifically advised Briscoe that he was entering a plea to a felony. The judgment of conviction from the state court proceeding also shows that Briscoe entered a guilty plea to a felony. Thus, Briscoe was not entitled to assert either a public authority or equitable estoppel defense as he had been clearly advised by the judge during the proceedings that the charge to which he was pleading was a felony.
 
 III.
 
 8
 Next, Briscoe contends that the district court's denial of his motion to suppress based upon its finding that Parris lawfully stopped his car was erroneous. "This court reviews a district court's decision on a motion to suppress evidence under two complementary standards. First, the district court's findings of fact are upheld unless clearly erroneous.... Second, the court's legal conclusion as to the existence of probable cause is reviewed de novo." United States v. Leake, 998 F.2d 1359, 1362 (6th Cir.1993) (citations omitted).
 
 
 9
 Parris' uncontroverted testimony was that he observed a blue Mustang traveling at a rate of speed in excess of eighty miles per hour and weaving in and out of traffic in a dangerous manner. He followed the car for a time and due to its erratic and reckless conduct, he became concerned for the safety of himself and other drivers. Parris testified that although he is an ATF agent, he has stopped vehicles in the past for speeding. Briscoe attempts to draw many types of negative inferences because Parris, a federal ATF agent, made the stop and then called the Crittenden County Drug Task Force for assistance. However, the record is devoid of any evidence to support Briscoe's claims. Thus, the trial court's findings of fact are not clearly erroneous.
 
 
 10
 [S]o long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment.... We focus not on whether a reasonable officer "would" have stopped the suspect (even though he had probable cause to believe that a traffic violation had occurred), or whether any officer "could" have stopped the suspect (because a traffic violation had in fact occurred), but on whether this particular officer in fact had probable cause to believe that a traffic offense had occurred, regardless of whether this was the only basis or merely one basis for the stop. The stop is reasonable if there was probable cause, and it is irrelevant what else the officer knew or suspected about the traffic violator at the time of the stop. It is also irrelevant whether the stop in question is sufficiently ordinary or routine according to the general practice of the police department or the particular officer making the stop.
 
 
 11
 United States v. Ferguson, 8 F.3d 385, 391 (6th Cir.1993) (en banc), cert. denied, 115 S.Ct. 97 (1994). Here, the district court's denial of Briscoe's motion to suppress was correct.
 
 IV.
 
 12
 Finally, Briscoe contends that the district court erred when it determined that his underlying conviction for attempt to commit a felony was a crime of violence pursuant to USSG Sec. 5B1.2, which is an enhancing factor for the base firearm offense. USSG Sec. 2K2.1(a)(4)(A).
 
 
 13
 As the facts are undisputed, this court reviews the district court's application of the guidelines de novo. United States v. Sivils, 960 F.2d 587, 596 (6th Cir.), cert. denied, 113 S.Ct. 130 (1992).
 
 
 14
 "Crime of violence" is defined in USSG Sec. 4B1.2 as
 
 
 15
 any offense under federal law or state law punishable by imprisonment for a term exceeding one year that--(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
 
 
 16
 Briscoe was first charged in Tennessee with assault with intent to commit a robbery with a deadly weapon.[1] He pled guilty to the lesser included offense of attempt to commit a felony.[2]
 
 
 17
 "When determining whether a prior felony is 'violent' under Sec. 924(e)(2)(B)(ii), the sentencing court should 'look only to the fact of conviction and the statutory definition of the prior offense.' " United States v. Seaton, 45 F.3d 108, 111 (6th Cir.1995) (citations omitted). "Accordingly, under Sec. 924(e)(2)(B)(ii), we look to the statutory definition of a felony in order to determine whether it falls into the category of those felonies that 'involve[ ] conduct that presents a serious potential risk of physical injury to another.' However, where a statute broadly defines a felony, [this] categorical approach still permits a sentencing court to examine 'the charging paper and jury instructions' to determine whether the defendant was convicted of a felony with a serious potential risk of physical injury.' " Id. (citations omitted).
 
 
 18
 An examination of the statute under which Briscoe ultimately entered his plea does not clearly establish that the offense involved the " 'use, attempted use, or threatened use of physical force[.]' [Thus,] the court may ... look at the charge in the indictment to which [Briscoe] pled guilty ... to determine if the offense involved a serious potential risk of physical injury to others." United States v. Arnold, 58 F.3d 1117, 1124 (1995). Additionally, since a guilty plea was entered, "the ... court may also consider the plea agreement relating to the prior offense." Id.
 
 
 19
 The state indictment indicates that Briscoe was armed with a pistol. According to the stipulated facts under the plea agreement, Briscoe and two other accomplices, each armed with a gun, confronted the victim whereupon a struggle ensued resulting in injuries to the victim. The state court transcript at the time the plea was entered shows the judge explaining to Briscoe that he was pleading "guilty to the offense of attempt to commit a felony, to wit, assault with intent to commit a robbery with a deadly weapon." Clearly, the offense "involved a serious potential risk of physical injury to others" and was a crime of violence under the guidelines. Thus, the district court's determination was correct.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Assault with Intent to Rob, Tenn.Code Ann. Sec. 39-2-104(a), states:
 (a) Whoever shall assault another, with intent feloniously and willfully to commit a robbery, shall, on conviction, be imprisoned fifteen (15) years. If the assault is committed by means of a deadly weapon, whether injury results to the person assaulted or not, the penalty on conviction shall be imprisonment in the penitentiary for not less than five (5) years nor more than twenty-one (21) years.
 
 
 [2]
 Attempt to Commit Felony, Tenn.Code Ann. Sec. 39-1-501, states, in pertinent part:
 If any person attempts to commit any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five (5) years....