92 F.3d 1186
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry F. ARNOLD, Defendant-Appellant.
 No. 95-6585.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1996.
 
 1
 Before: RYAN and SUHRHEINRICH, Circuit Judges; ENSLEN, District Judge.*
 
 ORDER
 
 2
 Jerry F. Arnold, a federal prisoner, appeals the sentence imposed upon remand following his conviction on one count of being a convicted felon in possession of a firearm. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Arnold pleaded guilty in June 1994 to the charge described above. As part of his plea agreement, the government conceded that Arnold possessed the firearms in question for lawful sporting purposes, which would ordinarily have entitled him to a substantially lower offense level pursuant to USSG § 2K2.1(b)(2). However, the district court accepted the finding in the presentence investigation report that Arnold's predicate state conviction for assault with intent to commit sexual battery constituted a crime of violence within the meaning of USSG § 4B1.2, making Arnold ineligible for the lower offense level. See USSG § 2K2.1(a)(4)(A). Consequently, the district court sentenced Arnold to 30 months in prison and 2 years of supervised release. Arnold appealed his sentence and a panel of this court reversed the district court's judgment because the district court impermissibly looked to the underlying facts of the offense in finding that Arnold's prior conviction for assault with intent to commit sexual battery was an offense involving an element of force. See United States v. Arnold, 58 F.3d 1117, 1124 (6th Cir.1995). Accordingly, the panel remanded the case to the district court "to consider the charges in the indictment that relate to the assault with intent to commit sexual battery charge to which defendant entered a plea of nolo contendere and to determine whether the offense presented a 'serious potential risk of physical injury to another' under § 4B1.2(1)(ii)," using the categorical approach articulated in Taylor v. United States, 495 U.S. 575 (1990). Arnold, 58 F.3d at 1124. Following a resentencing hearing, the district court concluded that, under the approach mandated by this court, Arnold's prior offense did constitute a crime of violence and resentenced him to the same 30-month prison term as originally imposed.
 
 
 4
 On appeal, Arnold continues to argue that the district court erred in finding his conviction for assault with attempt to commit sexual battery to be a crime of violence.
 
 
 5
 Upon careful consideration we affirm the district court's judgment because that court did not err in finding that Arnold's predicate state offense was a crime of violence under the categorical approach established by Taylor. This court reviews de novo the district court's determination of that issue. Arnold, 58 F.3d at 1120; United States v. Parson, 955 F.2d 858, 863 (3d Cir.1992).
 
 
 6
 This court previously found that the Sentencing Guidelines envision three independent ways by which a prior conviction is considered a crime of violence: (1) the prior conviction is for a crime that is among those specifically enumerated in USSG § 4B1.2, comment. (n. 2); (2) the prior conviction is for a crime that, while not specifically enumerated, has as an element of the offense the use, attempted use, or threatened use of physical force; or (3) the prior conviction is for a crime that, although not falling within the first two categories, involves conduct posing a serious potential risk of physical injury to another. Arnold, 58 F.3d at 1121 (citing United States v. John, 936 F.2d 764, 767 (3d Cir.1991)). The panel further determined that Arnold's prior offense was neither specifically enumerated in the applicable Guidelines commentary nor a crime whose statutory elements necessarily involves the use of force, attempted force, or threatened force for purposes of § 4B1.2(1)(i). Arnold, 58 F.3d at 1121-22. Therefore, the district court was instructed to consider whether Arnold's offense, as described in the indictment relating to his offense of conviction and his plea agreement, presented a serious potential risk of physical injury to another under § 4B1.2(1)(ii). Id. at 1122-24.
 
 
 7
 Arnold's petition to plead nolo contendere and the order accepting his plea are boiler-plate documents that are of no help in deciding the question. Instead, the district court relied on the fact that the victim of Arnold's offense was, according to the indictment, a "female child under the age of thirteen (13) years." The court, citing three cases from other circuits, concluded that a serious potential risk of physical injury is inherent in a sexual assault upon a young child. See United States v. Wood, 52 F.3d 272, 275-77 (9th Cir.), cert. denied, 116 S.Ct. 217 (1995); United States v. Reyes-Castro, 13 F.3d 377, 379 (10th Cir.1993); United States v. Rodriguez, 979 F.2d 138, 141 (8th Cir.1992). Arnold presents no case law to the contrary.
 
 
 8
 The district court did not err in determining that Arnold's crime of assault with intent to commit sexual battery inherently involved the potential risk of physical injury to his young victim. Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan, sitting by designation