**UNITED STATES of America**
**Plaintiff–Appellee,**

v.

**Andrew JACKSON, Defendant–**
**Appellant,**

**No. 99–6440.**

United States Court of Appeals,
Sixth Circuit.

Feb. 8, 2001.

Before MERRITT, COLE, and HOOD, Circuit Judges.*

## OPINION

PER CURIAM.

Defendant–Appellant Andrew Jackson ("Defendant") appeals the district court's classification of him, for purposes of sentencing, as a career offender within the meaning of United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4B1.1. Defendant assigns error to the district court's conclusion that Defendant's prior California felony escape conviction was a "crime of violence," and thus, a qualifying career offender conviction. In light of this Circuit's decision in *United States v. Harris*, 165 F.3d 1062 (6th Cir. 1999), which held that the crime of escape is a "crime of violence" for purposes of rendering a defendant eligible for career offender status, we AFFIRM the sentence of the district court in its entirety.

## I. BACKGROUND

On December 14, 1998, Memphis Police Organized Crime officers, in conjunction with a Drug Enforcement Agency ("DEA") task force, conducted a surveillance at the Memphis International Airport. Of particular interest to the agents was inbound flight number 954 from Los Angeles, California, on which Defendant was a passenger. As Defendant exited the plane, DEA Task Force Officer Joe Hoing and another officer approached him and questioned him about his luggage. Specifically, the officers asked if Defendant was carrying any

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Ken- tucky, sitting by designation.

illegal narcotics or large sums of money, to which Defendant responded that he was not. Defendant consented to the officers' search of the black tote bag he was carrying. During the search of the bag, the officers allegedly detected a strong odor of cocaine coming from a bag contained within the tote bag. The officers asked Defendant if the bag contained cocaine. Defendant responded that it did not.

The officers arrested Defendant, escorted him to a DEA airport office, and informed him of his *Miranda* rights, at which time Defendant admitted that the bag contained nine ounces of cocaine powder and six ounces of crack cocaine. A search of Defendant revealed that Defendant had in his possession $1,146.00 in U.S. currency, which Defendant stated was the balance of the $2,000 he had been paid to transport the cocaine to Jackson, Mississippi. Defendant also admitted that, in recent weeks, he had transported cocaine to Jackson, Mississippi, on three other occasions.

On January 11, 1999, a federal grand jury of the Western District of Tennessee returned a two-count indictment against Defendant, charging him with possession with the intent to distribute cocaine base (Count One), and possession with the intent to distribute cocaine (Count Two), in violation of 21 U.S.C. § 841(a)(1) (1994). Defendant entered a plea of guilty to both counts on April 16, 1999. The district court sentenced Defendant on August 31, 1999, to 202 months' imprisonment, followed by a five-year supervised release period.

Prior to sentencing, the district court made a finding that Defendant should be sentenced as a career offender in light of his two prior felony convictions for crimes of violence. On June 29, 1991, Santa Monica, California, law enforcement authorities arrested and charged Defendant with voluntary manslaughter, for which he was subsequently convicted and sentenced to eleven years' imprisonment. During the pendency of the manslaughter action, Defendant escaped from the Los Angeles County Jail, purportedly because he feared for his safety. He was later apprehended without incident; charged with felony escape, in violation of California Code § 4532(b)(1); and sentenced to three years' imprisonment, to be served concurrently with the manslaughter sentence.

■ It is undisputed that Defendant's manslaughter conviction is a "crime of violence" within the meaning of U.S.S.G. § 4B1.2. Before us on appeal is whether the district court properly concluded that Defendant's felony escape conviction is also a crime of violence. We find that the crime of escape is a qualifying conviction, and that Defendant's conviction in the instant case—his third conviction for a crime of violence or a controlled substance offense—properly triggered application of U.S.S.G. § 4B1.1, the career offender provision of the Guidelines. The district court's sentence of 202 months (reflecting a 60–month downward departure) was therefore appropriate.

## II. DISCUSSION

We review *de novo* both a district court's determination that a defendant is a career offender within the meaning of U.S.S.G. § 4B1.1, *see United States v. Dolt*, 27 F.3d 235, 237 (6th Cir.1994), and its determination that an offense is a "crime of violence," as defined in U.S.S.G. § 4B1.2, *see United States v. Arnold*, 58 F.3d 1117, 1120 (6th Cir.1995). A defendant is a career offender if: (1) the defendant was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense;

and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1. A prior felony conviction qualifies as a crime of violence if it is one of the offenses specifically enumerated in § 4B1.2; or it "has as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(a)(1); or it "is burglary of a dwelling ... or otherwise involves conduct that presents a serious potential risk of physical injury to another," U.S.S.G. § 4B1.2(a)(2).

The crime of escape falls within the third subset of offenses, as it "presents a serious potential risk of physical injury." *United States v. Harris*, 165 F.3d 1062, 1068 (6th Cir.1999). In reaching this conclusion, we expressly adopted the reasoning of the Tenth Circuit and noted that "even in a case where a defendant escapes from jail by stealth and injures no one in the process, there is still a serious potential risk that injury will result when officers find the defendant and attempt to place him in custody." *Id.* at 1068 (quoting *United States v. Gosling*, 39 F.3d 1140, 1142 (10th Cir.1994)). When reviewing a prior felony conviction for escape, a sentencing court is not to engage in a "broad factual inquiry" into what a defendant did in the course of his escape, but is to take a "categorical" approach, look to the relevant indictment or plea agreement, and base its determination on the statutory definition of the crime. *Harris*, 165 F.3d at 1068; *Dolt*, 27 F.3d at 238.[1] Thus, regardless of whether actual force or violence was employed by a defendant in effectuating the escape, *Harris* makes clear that an escape offense is considered a crime of violence that may properly serve as a qualifying career offender conviction. *See* 165 F.3d at 1064.

Recognizing that *Harris* is likely dispositive of his appeal, Defendant urges this Court to set aside the district court's finding that Defendant's prior felony escape conviction was a "crime of violence," arguing that the district court erred by not conducting a limited factual inquiry into the circumstances surrounding the escape. Such an inquiry, Defendant argues, would have revealed that Defendant's escape was without force or violence, and thus, not a "crime of violence" within the meaning of § 4B1.2. In support of his argument, Defendant relies upon the Supreme Court's decision in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and our decision in *United States v. Arnold*, 58 F.3d 1117 (6th Cir.1995).

Defendant's reliance on these cases is misplaced, and his argument is without merit. The Supreme Court in *Taylor* considered whether a defendant's conviction for burglary constituted a "violent felony" under the Armed Career Criminal Act. 495 U.S. at 578. The Act provides a sentence enhancement for individuals that have three prior convictions for "a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1) (1994). The Court adopted a categorical approach in determining whether a prior conviction was a violent felony and suggested that a district court is not to inquire into the specific facts underlying the predicate offense, but is to focus instead only on the fact of conviction and the statutory definition of the predicate offense:

> [T]he legislative history of the enhancement statute shows that Congress generally took a categorical approach to predicate offenses. There was considera-

---

1. We noted that "there might be cases in which some other type of limited factual inquiry would be appropriate," but declined to state specifically under what circumstances such an inquiry would be warranted. *Harris*, 165 F.3d at 1068.

ble debate over what kinds of offenses to include and how to define them, but no one suggested that a particular crime might sometimes count towards enhancement and sometimes not, depending on the facts of the case. If Congress had meant to adopt an approach that would require the sentencing court to engage in an elaborate factfinding process regarding the defendant's prior offenses, surely this would have been mentioned somewhere in the legislative history.

495 U.S. at 601. Likewise, in *Arnold*, we noted that "because we employ a categorical approach, a determination as to whether an offense constitutes a 'crime of violence,' is based on the statutory definition of the crime." 58 F.3d at 1121. Such an approach, we suggested, "avoids the impracticability and unfairness of allowing a sentencing court to engage in a broad factfinding inquiry relating to a defendant's prior offenses." *Arnold*, 58 F.3d at 1121.

Thus, contrary to Defendant's assertions, *Taylor* and *Arnold* are consistent with our decision in *Harris* requiring a district court to look not at the facts underlying a predicate offense, but at the statutory definition of that offense. It is of no consequence for purposes of determining whether Defendant is a career offender that his escape conviction involved neither force nor violence, although, as we noted in *Harris*, "we do not exclude the possibility that a limited inquiry into his actual conduct at the time of his escape . . ., coupled with other relevant facts, might appropriately lead the sentencing court to conclude that a downward departure is warranted here." 165 F.3d at 1068. The district court, therefore, properly concluded that Defendant's prior felony escape conviction was a "crime of violence" within the meaning of U.S.S.G. § 4B1.2.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the sentence of the district court in its entirety.