NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0083n.06

No. 08-2164

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 10, 2010
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KEVIN DONTE LOVE,

    Defendant-Appellant.

_____/

On appeal from the United States
District Court for the Western
District of Michigan

BEFORE:    RYAN, COLE, and CLAY, Circuit Judges.

    RYAN, Circuit Judge.    Kevin Donte Love pleaded guilty in the federal district court to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 57 months' imprisonment. He now appeals the sentence. For the following reasons, we will vacate in part, affirm in part, and remand for further proceedings.

**I.**

    On March 5, 2008, Grand Rapids, Michigan, police officers stopped a minivan because it had been illegally standing in a traffic lane. An officer smelled the odor of marijuana wafting from the vehicle and ordered the occupants, including defendant Love, to step out of the car. At first Love refused, arguing that he was stuck behind the driver's seat. Finally, the police pulled him out of the car and, while doing so, heard a loud "clunk."

The officers discovered a bag of marijuana where Love had been seated. Love told the officers that there was a gun under his seat, but later denied that he had possessed it.

On April 2, 2008, a federal grand jury handed down a one-count indictment charging Love with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Without the benefit of a plea agreement, Love pleaded guilty to the charge. He claimed that he carried the gun that was found in the vehicle for personal protection, because he had been threatened by a rival gang after testifying against one of its members.

The presentence report (PSR) calculated Love's base offense level at 20, partly because he had a prior conviction for a crime of violence. Love had previously pleaded guilty to violating Mich. Comp. Laws Ann. § 750.81d, which proscribes "[a]ssaulting, battering, wounding, resisting, obstructing, opposing, or endangering a person performing his or her duties." Apparently the facts of the prior offense are that, in 2007, when police arrested Love on a probation violation, he escaped from their custody, albeit handcuffed, and eluded capture for two months.

The PSR also recommended a four-level enhancement because the firearm Love possessed had an altered or obliterated serial number. The resulting guideline range is 57 to 71 months' imprisonment. Love filed an objection to both the offense level calculation and the four-level enhancement. The district court overruled the objections and sentenced Love to 57 months' imprisonment.

**II.**

Love now raises a number of issues regarding the district court's interpretation of the sentencing guidelines and the calculation of his 57-month sentence.

We review <u>de novo</u> "a district court's legal conclusions concerning the interpretation and application of the [advisory] Guidelines," and accept its factual findings unless they are clearly erroneous. <u>United States v. Burns</u>, 498 F.3d 578, 580 (6th Cir. 2007), <u>cert. denied</u>, 128 S. Ct. 1104 (2008).

We also review a sentence for reasonableness under an abuse of discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 41 (2007). Although logically problematic, the settled federal law is that "[a]n abuse of discretion occurs when the district court relies on clearly erroneous findings of fact, improperly applies the governing law, or uses an erroneous legal standard." <u>United States v. Allen</u>, 516 F.3d 364, 374 (6th Cir.), <u>cert. denied</u>, 128 S. Ct. 2919 (2008). We leave it to legal scholars to debate, at their leisure, just how any of those three legal errors could spring from an exercise of judicial "discretion."

It is also well settled that a sentence is <u>procedurally</u> unreasonable if it is marked by "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." <u>Gall</u>, 552 U.S. at 51.

A sentence is <u>substantively</u> unreasonable if it is based upon impermissible factors, is arbitrary, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent § 3553(a) factor. <u>United States v. Brown</u>, 501 F.3d 722, 724 (6th Cir. 2007).

**III.**

Love argues that his 57-month sentence is procedurally unreasonable because the court erroneously concluded that Love's prior conviction for "resisting [or] obstructing" a police officer, in violation of Mich. Comp. Laws Ann. § 750.81d(1), was a "crime of violence," resulting in a higher base offense level.

The Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(1), calls for a sentencing enhancement when, at the time of the commission of the offense, a defendant possesses a prior felony conviction for a "crime of violence."  U.S.S.G. § 2K2.1(a)(4)(A). It should be noted that, while the ACCA uses the term "violent felony," and the guidelines manual uses the term "crime of violence," this court recognizes that the terms are "nearly identical" and employs the same analysis.  United States v. Arnold, 58 F.3d 1117, 1121 (6th Cir. 1995).

The United States Sentencing Guidelines Commission has defined the term "crime of violence":

> (a)   The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> (1)   has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)   is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(1)-(2); see 18 U.S.C. § 924(e) (emphasis added).

Love's prior conviction is for a violation of Mich. Comp. Laws Ann. § 750.81d(1), which states:  "[A]n individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his

or her duties is guilty of a felony punishable by imprisonment for not more than 2 years . . . ."

In cases such as this one, in which the prior conviction is for an offense not specifically enumerated in § 924(e)(1), a sentencing court is to utilize a "categorical approach" in determining whether the conviction is for a crime of violence. Taylor v. United States, 495 U.S. 575, 602 (1990). The Taylor analysis "is limited to an examination of the fact of conviction and the statutory definition of the predicate offense." Arnold, 58 F.3d at 1121. In other words, the sentencing court "consider[s] the offense generically" and "examine[s] it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Begay v. United States, 553 U.S. 137, ___, 128 S. Ct. 1581, 1584 (2008). This categorical approach, according to Taylor, "avoids the impracticability and unfairness of allowing a sentencing court to engage in a broad factfinding inquiry relating to a defendant's prior offenses." Arnold, 58 F.3d at 1121. If a court has determined that a particular prior offense categorically constitutes a "crime of violence," the inquiry ends and the sentence enhancement applies.

However, if the particular crime "otherwise involves conduct that presents a serious potential risk of physical injury to another," the court may consider only the indictment, the plea agreement, the plea colloquy transcript, or comparable judicial records to determine whether the individual's actual conduct "necessarily" establishes the nature of the ACCA predicate offense. Shepard v. United States, 544 U.S. 13, 26 (2005).

In cases where a particular statute identifies several different kinds of behavior, courts must treat each type as "different crimes" for purposes of categorizing violent crimes

because they may differ significantly, even if they happen to appear in the same statute. Chambers v. United States, 129 S. Ct. 687, 690-91 (2009).

In United States v. Mosley, 575 F.3d 603 (6th Cir. 2009), this court held that Mich. Comp. Laws Ann. § 750.81d(1) contained "at least two categories—those violations . . . involving an individual who physically injures an officer because he 'assaults, batters, [or] wounds' the officer, and . . . [violations] involving an individual who 'obstructs' an officer through 'a knowing failure to comply with a lawful command.'" Id. at 607 (citation omitted). This court further held that "'a knowing failure to comply with a lawful command'" conviction "is not a crime of violence." Id. "If it is possible to violate the state law in a way that amounts to a crime of violence and in a way that does not, we may consider the . . . plea colloquy or 'comparable judicial record[s]' to determine whether the individual's actual conduct 'necessarily' establishes the nature of the offense." Id. at 606 (emphasis added) (citations omitted).

Love pleaded guilty in state court for violating § 750.81d(1). Specifically, as reflected in the plea hearing transcript, the "how" of his prior conviction is that he ran away from his arresting officer. The plea colloquy, which we may consider pursuant to Shepard and Mosley, necessarily establishes that the nature of Love's offense was obstruction "through 'a knowing failure to comply with a lawful command,'" which, according to the Mosley analysis, "is not a crime of violence."

The government argues that the Mosley decision does not settle the issue because the Mosley court held that "such a conviction could be deemed a crime of violence if the defendant's offense involved conduct that presents a serious potential risk of physical injury to another." But the government misconstrues Mosley's holding. In Mosley, this

court remanded the case because it could not be determined which category of § 750.81d(1) defendant Mosley had violated. Thus, if Mosley had violated the "assault" portion of the statute, his prior conviction might be considered a violent crime. That is not the case here, where the record shows that the fact of the prior crime was that Love ran away from the arresting officer, violating the "knowing failure to comply with a lawful command" portion of § 750.81d(1), which is categorically not a crime of violence. Therefore, we must vacate the district court's sentence and remand for a recalculation of the advisory guidelines range, without the enhancement for a prior crime of violence.

**IV.**

Love next argues that the district court imposed a procedurally unreasonable sentence because it improperly concluded that Love possessed a firearm with an altered or obliterated serial number, resulting in a four-point offense level increase.

In reviewing the district court's calculation of sentencing guidelines, we review its factual findings for clear error and its conclusions of law de novo. United States v. Lalonde, 509 F.3d 750, 763 (6th Cir. 2007). But if a party fails to raise a purported procedural error to the district court's attention during sentencing, we review for plain error. United States v. Alexander, 543 F.3d 819, 823 (6th Cir. 2008), cert. denied, 129 S. Ct. 2175 (2009).

U.S.S.G. § 2K2.1(b)(4)(B) recommends a four-level enhancement "[i]f any firearm . . . had an altered or obliterated serial number." The enhancement applies regardless of the defendant's knowledge of the alteration or obliteration. Id. § 2K2.1, comment. (n.8(B)). Love argues that the enhancement is invalid as a matter of law because it lacks a mens rea requirement.

The Supreme Court recently faced a substantially similar issue in Dean v. United States, 129 S. Ct. 1849, 1856 (2009), and upheld a statutory sentencing enhancement for discharge of a firearm under 18 U.S.C. § 924(c)(1)(A)(iii), despite the fact that it lacked a mens rea requirement. The Court noted that "it is not unusual to punish individuals for the unintended consequences of their unlawful acts." Id. at 1855 (emphasis in original). We think the Dean holding is applicable here, and hold that the district court did not plainly err by applying this enhancement without requiring proof of an element of intent.

Love also argues that his firearm was not sufficiently altered or obliterated so as to qualify for the § 2K2.1(b)(4)(B) enhancement.

This court has not yet addressed the degree of alteration or obliteration required to meet the guideline definition, and the guidelines themselves offer no clear answer. The parties cite to several decisions outside this circuit, including United States v. Carter, 421 F.3d 909, 916 (9th Cir. 2005), which held that "a firearm's serial number is 'altered or obliterated' when it is materially changed in a way that makes accurate information less accessible."

The photographs of the firearm show, at the very least, that two of the serial numbers were markedly more difficult to ascertain. Additionally, at least three officers and lab technicians had difficulty determining the correct number. Even if restoration techniques might have worked, the numbers were not immediately distinguishable to the investigators. In short, given that the serial numbers on the firearm were visibly scratched, and more than one investigator came to a different conclusion as to the last number, we hold that the district court did not clearly err in finding that the firearm had been altered or obliterated, and did not abuse its discretion in applying a four-level enhancement.

**V.**

Finally, Love argues that the district court imposed a substantively unreasonable sentence based on its analysis of the 18 U.S.C. § 3553(a) factors.

Since United States v. Booker, 543 U.S. 220 (2005), the federal sentencing guidelines are considered advisory and sentencing courts must give consideration to the factors listed in § 3553(a). A district court's duty is to impose a sentence that is sufficient, but not greater than necessary, to achieve the sentencing goals of accounting for the seriousness of the offense, affording adequate deterrence, protecting the public from further crimes, and providing the defendant with necessary training or treatment. 18 U.S.C. § 3553(a)(2); United States v. Collington, 461 F.3d 805, 807 (6th Cir. 2006).

We hold that the district court did not abuse its discretion in determining Love's sentence insofar as it properly considered all relevant § 3553(a) factors. The court gave consideration to the § 3553(a) factors, and the arguments made by both the government and Love, including the issues cited by Love on appeal, and chose an appropriate sentence. Love has not overcome the presumption that, because his sentence is within the guidelines range, the district court imposed a reasonable sentence. The district court did not abuse its discretion. See Burns, 498 F.3d at 581.

**VI.**

In light of Mosley, we **VACATE** the district court's sentence and **REMAND** to the district court to recalculate Love's offense level, without Love's prior conviction being counted as a "crime of violence." We find no abuse of discretion and no error in the district court's conclusion regarding the altered or obliterated serial number on the firearm, and

the application of the § 3553(a) sentencing factors, and so, in those respects, we **AFFIRM**.

**COLE, Circuit Judge, concurring.**  I concur in the result reached by the majority opinion.  I write separately to make two points.

First, I note that the Michigan statute defines "obstruct" as including "the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command."  Mich. Comp. Laws Ann. § 750.81d(7)(a).  As the majority notes, we previously held in *United States v. Mosley* that the "knowing failure to comply with a lawful command" aspect of the offense is not a crime of violence.  575 F.3d 603, 608 (6th Cir. 2009).  However, we have not determined whether "the use or threatened use of physical interference or force" also does not qualify as a crime of violence.

Second, the majority indicates that *Shepard*'s analysis is limited to the question of whether a predicate offense falls within the "otherwise" clause of § 4B1.2(a)(2)—the third clause of the Sentencing Guidelines's definition of "crime of violence."  *Shepard* is not so limited.  The inquiry applies whenever "it is possible to violate a criminal law in a way that amounts to a crime of violence and in a way that does not."  *United States v. Ford*, 560 F.3d 420, 422 (6th Cir. 2009).  Indeed, *Shepard* itself involved a predicate burglary offense, which is referenced in the second clause of the § 4B1.2(a) definition, indicating the more general applicability of its analysis.  *Shepard v. United States*, 544 U.S. 13, 16 (2005).