*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0294p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee,*

*v.*

> No. 04-6172

JOSHUA HOLLINGSWORTH,

> *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 04-10004—James D. Todd, Chief District Judge.

Submitted:  May 16, 2005

Decided and Filed:  July 11, 2005

Before:  CLAY, GILMAN, and COOK, Circuit Judges.

_____

**COUNSEL**

_____

**ON BRIEF:**  M. Dianne Smothers, Stephen B. Shankman, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant.  James W. Powell, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee.

_____

**OPINION**

_____

RONALD LEE GILMAN, Circuit Judge.  In January of 2004, Joshua Hollingsworth was indicted for being a felon in possession of a firearm.  He later pled guilty and was sentenced to 77 months of incarceration.  The sentence was at the low end of the Sentencing Guidelines range for Hollingsworth's offense level and criminal history.

Hollingsworth raises two issues on appeal.  He first alleges that his Sixth Amendment rights were violated when the district court, rather than a jury, determined that at least one of his prior convictions was for "a crime of violence."  Second, he argues that his sentence is unconstitutional in light of the Supreme Court's holding in *United States v. Booker*, 125 S. Ct. 738 (2005), that the Sentencing Guidelines are no longer mandatory.  For the reasons set forth below, we **AFFIRM** the determination of the district court that at least one of Hollingsworth's prior convictions was for a crime of violence, but **VACATE** the judgment and **REMAND** for resentencing in accordance with *Booker*.

1

## I. BACKGROUND

### A.      Factual background

The facts of this case are not in dispute.  In October of 2003, the Savannah Police Department received a complaint about a man brandishing a gun.  When they arrived at the scene, the police officers found Hollingsworth sitting in a grey pickup truck.  Hollingsworth, who reeked of alcohol, became combative.  The police subdued him with mace and placed him under arrest.  A search of the truck yielded a Ruger, Model P89, .9 mm pistol.  Hollingsworth's criminal record revealed that he had been convicted of several felonies in the past, including aggravated assault and aggravated burglary.

### B.      Procedural background

In January of 2004, a grand jury indicted Hollingsworth for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  He entered a guilty plea in June of 2004 and, three months later, a sentencing hearing was conducted.

At the hearing, Hollingsworth objected to the base offense level set by the Presentence Report.  Although he conceded that he was a convicted felon, he argued that the determination that at least one of his convictions was for a "crime of violence" within the meaning of USSG § 2K2.1(a)(2) was improperly made by the sentencing court without his consent.  This determination resulted in an increase in his base offense level.  The district court rejected Hollingsworth's argument, stating:

> The defendant's objections to the base level is [sic] denied because *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] said any fact other than the fact of a prior conviction must be proven if it adversary [sic] affects the defendant's sentence.  It's my ruling that the fact of the prior conviction includes the nature of that conviction and impliedly the date of the conviction.

Hollingsworth was then sentenced to 77 months of imprisonment and two years of supervised release, to be served consecutively to a parole-revocation sentence in Hardin County, Tennessee and concurrently with a separate two-year term of imprisonment in that county.

## II. ANALYSIS

### A.      Standard of review

We "review[] a district court's interpretation of the Sentencing Guidelines de novo." *United States v. Jackson*, 401 F.3d 747, 748 (6th Cir. 2005); *see also United States v. Copeland*, 321 F.3d 582, 601 (6th Cir. 2003) ("This court reviews a constitutional challenge to a defendant's sentence *de novo* wherever the defendant preserves the claim for appellate review.")

### B.      The fact of a previous conviction generally permits a determination of whether the conviction is for a crime of violence

In *Apprendi v. United States*, 530 U.S. 466, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior convicton, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  As this circuit has repeatedly held, however, certain aspects of the character of prior convictions are so basic as to be implicit in the fact of a prior conviction. *See United States v. Burgin*, 388 F.3d 177, 186 (6th

Cir. 2004) (holding that "determinations by a district court that prior felony convictions exist and were committed on different occasions, are so intimately related that the 'different occasions' requirement of [18 U.S.C.] § 924(e) sufficiently comes within the exception in *Apprendi* for a prior conviction"). The *Burgin* court reasoned that

> [t]he 'different occasions' language involves the issue of recidivism, 'a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence.' *Apprendi*, 530 U.S. at 488. Like the fact of a prior conviction, it is not a fact that pertains to the commission of the offense for which the defendant is presently charged. Thus, the 'different occasions' requirement of § 924(e) cannot be significantly distinguished from 'the fact of a prior conviction.'

*Id.* (citation omitted).

Similar reasoning applies to the district court's determination that a specified offense is a "crime of violence." USSG § 2K2.1(a)(2). A pattern of violent crime is certainly "a traditional . . . basis for a sentencing court's increasing an offender's sentence." *Burgin*, 388 F.3d at 186. Likewise, the violent nature of a previous offense "is not a fact that pertains to the commission of the offense for which the defendant is presently charged," but rather a fact that pertains to a previous offense. *Id.*

Hollingsworth cites several cases, including the recent Supreme Court decision of *Shepard v. United States*, 125 S. Ct. 1254 (2005), in support of his contention that the district court was not permitted to find "the ultimate fact" that his prior conviction was for a crime of violence. The issue in the cited cases, however, was not *whether* district courts could make findings about prior convictions, but simply *what sources they could rely on* to make such findings. *See Shepard*, 125 S. Ct. at 1257 (holding that "a later court determining the character of an admitted [prior felony] is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"); *Taylor v. United States*, 495 U.S. 575, 602 (1990) (concluding, in the context of a prior conviction for burglary, that the enhancement statute "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense," but "may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary"); *United States v. Arnold*, 58 F.3d 1117, 1124 (6th Cir. 1995) (holding that "a district court determining whether a prior offense constitutes a crime of violence is limited in its inquiry to an examination of the statutory elements of the defendant's prior offense," but that "[i]f the statute does not clearly establish that the offense involves the use, attempted use, or threatened use of physical force, the court may then look at the charge in the indictment to which the defendant pled guilty . . . to determine if the offense involved a serious potential risk of physical injury to others[, and] . . . the district court may also consider the plea agreement relating to the prior offense") (quotation marks omitted). None of these cases supports the proposition that district courts are prohibited from finding that a prior conviction was for a crime of violence.

The determination that Hollingsworth's prior convictions for multiple counts of aggravated assault and aggravated robbery included at least one crime of violence was thus squarely within the province of the sentencing judge. *See Burgin*, 388 F.3d at 186; *Arnold*, 58 F.3d at 1124. We therefore hold that the district court did not err in its finding that Hollingsworth had been previously convicted of a crime of violence.

**C.        *Booker* issue**

Hollingsworth's second argument—that his sentence is unconstitutional in light of the Supreme Court's recent determination that the Sentencing Guidelines are no longer mandatory—is more persuasive.  *See United States v. Booker*, 125 S. Ct. 738, 769 (2005) (holding that the portion of the Sentencing Act that requires judges to sentence defendants in accordance with the Sentencing Guidelines is unconstitutional); *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005) (remanding in order to resentence the defendant, after noting that the treatment of the Sentencing Guidelines as mandatory "was correct at the time [of sentencing], but now, because [§] 3553(b)(1) has been excised and severed under *Booker*, the district court erred by treating the Guidelines as mandatory when it sentenced [the defendant]").

As this court noted in *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005), "even if we conclude that the evidence [upon which the judge based his sentencing determination] is 'overwhelming and essentially uncontroverted' we cannot know the length of imprisonment that the district court judge would have imposed pursuant to this evidence following *Booker*."  *Id*. at 380 n.3 (quoting *United States v. Cotton*, 535 U.S. 625, 633 (2002)).  This is especially true where the court sentences the defendant at the low end of the sentencing range, as the district court made a point of doing in the present case.  *See United States v. Hamm*, 400 F.3d 336, 340 (6th Cir. 2005) ("Based upon the district court's imposition of a sentence at the low end of the range[,] . . . we believe that the court might have sentenced [the defendant] to fewer . . . months in prison if it had felt that it were free to do so.").

## III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the determination of the district court that at least one of Hollingsworth's prior convictions was for a crime of violence, but **VACATE** the judgment and **REMAND** for resentencing in accordance with *Booker*.