**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0210n.06
Filed: March 28, 2006

**No. 04-4504**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ROBERT E. BUTCHER, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and McKEAGUE, Circuit Judges, and McCALLA,[*] District Judge.

PER CURIAM. The defendant, Robert E. Butcher, appeals the pre-*Booker* prison sentence of 37 months imposed upon him as a result of his guilty plea to the charge of making a false statement in the acquisition of a firearm. Before this court, he asserts that the district judge erred in his calculation under the sentencing guidelines by considering Butcher's previous conviction for involuntary manslaughter to be one for a "crime of violence." He also contends that the sentencing court committed plain error by treating the guidelines as mandatory rather than merely advisory. Although we conclude that the district court was justified in treating the defendant's prior offense as a "crime of violence,"

---

[*]The Hon. Jon Phipps McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

circuit precedent requires that Butcher's sentence be vacated and this matter remanded for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arose from the defendant's purchase of a Remington 12-gauge shotgun from a K-Mart store in Conneaut, Ohio. When presented with the required form to be submitted to the Bureau of Alcohol, Tobacco, and Firearms, Butcher indicated that he had not previously been convicted of a felony and was not then subject to any felony indictment. In fact, however, the defendant well knew that he had previously been convicted of voluntary manslaughter in Ohio and that he was at that time also under indictment for aggravated vehicular assault. Law enforcement authorities eventually arrested Butcher for making a false statement in the acquisition of a firearm, and the defendant pleaded guilty to that offense.

The defendant's sentencing hearing was held prior to the Supreme Court's release of its decision in *United States v. Booker*, 543 U.S. 220 (2005). As a result, the district judge treated the United States Sentencing Guidelines as mandatory and increased Butcher's base offense level from 14 to 20 because of his prior conviction for involuntary manslaughter, a "crime of violence." *See* U.S. SENTENCING GUIDELINES MANUAL §§ 2K2.1(a)(6) and (4) (2003). The court subsequently decreased the total offense level by three based on Butcher's timely acceptance of responsibility and sentenced the defendant as a level 17, criminal history category IV offender to 37 months in prison, the

minimum sentence in the applicable range of 37-46 months. Butcher now appeals that sentence.

### DISCUSSION

The defendant correctly contends that the sentence imposed upon him must be vacated and the matter remanded to the district court for resentencing because the district judge treated the guideline sentencing range as mandatory rather than merely advisory in nature. The government concedes that we have consistently held that sentencing under such a misconception – however unintentional on the part of the district court – amounts to plain error, *see*, *e.g.*, *United States v. Hudson*, 405 F.3d 425, 445 (6th Cir. 2005), especially where a defendant has been sentenced to the lowest possible sentence in an applicable range. *See United States v. Hollingsworth*, 414 F.3d 621, 624 (6th Cir. 2005).

Nevertheless, we must still examine Butcher's appellate challenge to the application of a specific guideline provision to his sentencing determination. Even after *Booker*, any resentencing must include, among other considerations, a calculation of the appropriate guidelines sentence. *See* 18 U.S.C. § 3553(a)(4).

A conviction under 18 U.S.C. § 922(a)(6) for making a false statement in connection with the acquisition of a firearm falls under § 2K2.1 of the United States Sentencing Guidelines. *See* U.S. SENTENCING GUIDELINES MANUAL App. A (2003). As a convicted felon, Butcher thus would ordinarily have been subject to sentencing pursuant to § 2K2.1(a)(6),

establishing a base offense level of 14. The district court, however, determined that the defendant's base offense level should be increased to 20 because "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence. . . ." U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(a)(4)(A) (2003).

The application notes to § 2K2.1 specify that the term "crime of violence" "has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." U.S. SENTENCING GUIDELINES MANUAL § 2K2.1, comment. (n.5) (2003). In turn, § 4B1.2(a) defines a "crime of violence" to mean:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Furthermore, application note 1 to the commentary on § 4B1.2 explicitly provides:

> "Crime of violence" includes murder, *manslaughter*, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted involved the use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

(Emphasis added.)

The guidelines, therefore, categorically define manslaughter, whether voluntary or involuntary, as a "crime of violence" for guidelines purposes. *See also United States v. Sanders*, 97 F.3d 856, 859-60 (6th Cir. 1996) (holding that, for purposes of 18 U.S.C. § 924(e), involuntary manslaughter in Ohio is a "violent felony," the definition of which is identical for all relevant purposes to the definition of "crime of violence" in § 4B1.2(a)). Thus, in calculating the appropriate guidelines sentencing range, the district court properly increased the defendant's base offense level from 14 to 20 because Butcher's prior involuntary manslaughter conviction is considered, for guidelines purposes, a "crime of violence."

Butcher nevertheless argues that the indictment in his involuntary manslaughter case indicates that the facts underlying that earlier conviction – the accidental death of a young boy caused by the defendant allowing his own underage son to operate a motor vehicle – does not reflect upon *the defendant's own* propensity or lack of propensity for violence. Such an argument is appropriate for the resentencing hearing when the district judge may, and indeed must, take into consideration not only the suggested guidelines sentence, but also each of the other six factors set out in 18 U.S.C. § 3553(a). *See, e.g. United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006) (even a sentence within the guidelines range is not reasonable "if there is no evidence that the district court followed

its statutory mandate to 'impose a sentence sufficient, but not greater than necessary' to comply with the purposes of sentencing in section 3553(a)(2)").

The defendant also contends that the presentence report prepared in his case improperly sought to justify categorization of Butcher's involuntary manslaughter conviction as a "crime of violence" by reference to language in § 4B1.2(a)(1) that describes crimes involving the use of physical force against another person. Butcher maintains that he used no "force" against the manslaughter victim and, even though his actions could be considered to present a "serious potential risk of physical injury to another" under § 4B1.2(a)(2), the government did not object to the presentence report's failure to invoke that basis for sentence enhancement. Viewing §§ 4B1.2(a)(1) and (2) in isolation, an argument could be made that the probation officer and the district court did not align the defendant's prior conviction with the proper guideline justification for sentence enhancement. However, any confusion in this regard can be resolved on remand by specific reference to subsection (a)(2) in the district court's sentencing order.

## CONCLUSION

The district court sentenced the defendant under the then-existing statutory provision – since invalidated – that made the guidelines mandatory, not merely advisory. The sentence imposed upon Butcher must, therefore, be VACATED and this case REMANDED for resentencing. After *Booker*, one component of a district court's sentencing determination continues to be consideration of the sentencing range calculated in

accordance with the applicable provisions of the guidelines. In this case, such consideration requires a recognition by the sentencing court of the fact that the Ohio offense of manslaughter categorically constitutes a "crime of violence." On remand, the district court must give due consideration to the guidelines range but should also determine what sentence is "reasonable" in light of the appropriate factors listed in 18 U.S.C. § 3553(a).

Finally, the defendant's "motion to take judicial notice of prior state conviction" is DENIED as moot.