**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**File Name:  06a0281n.06**

**Filed:  April 27, 2006**

**NO. 03-6435**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF |
| RALPH GRUNDY | ) | KENTUCKY |
| | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and McKEAGUE, Circuit Judges, and McCALLA,[*] District Judge.

McCalla, District Judge.  The defendant-appellant, Ralph Grundy, appeals his sentence of sixty months' imprisonment imposed by the district court following his plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1).  Grundy raises four issues on appeal: (1) the district court engaged in unconstitutional fact-finding and improperly increased Grundy's sentence based on its determination that the gun involved in the offense was stolen; (2) the district court

_____

[*] The Hon. Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

engaged in unconstitutional fact-finding and improperly increased Grundy's sentence based on its determination that Grundy's prior felony conviction qualified as a crime of violence; (3) the district court improperly included three points in Grundy's criminal history score for a prior conviction of driving without insurance, for which Grundy received a conditionally-discharged fine; and (4) Grundy was sentenced in violation of a separate, unwritten plea agreement with the government.

For the reasons set forth below, Grundy's sentence is AFFIRMED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2003, in the Eastern District of Kentucky, the defendant-appellant Ralph Grundy entered a plea of guilty, pursuant to a plea agreement, on two counts: (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (2) conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1).

At sentencing, the district court assigned a base offense level of 20 on the felon-in-possession count under United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(4)(A) because Grundy committed the offense subsequent to sustaining a felony conviction for a crime of violence. The district court increased the base offense level by two points under U.S.S.G. § 2K2.1(b)(4) because the firearm involved in the

offense was stolen.  The district court also assigned seven criminal history points, including one point for a prior conviction for driving without insurance and two points for having committed the instant offense while on probation for that prior conviction.  The court granted the government's substantial assistance downward departure motion pursuant to U.S.S.G. § 5K1.1, which resulted in a final offense level of 21 and a guidelines range of 57 to 71 months' imprisonment.  Under 21 U.S.C. § 841(b)(1)(B), the mandatory minimum term of imprisonment for the drug conspiracy count is five years (60 months).  The district court sentenced Grundy to sixty months of imprisonment on each count, to be served concurrently.

## II.  DISCUSSION

### A.

Grundy first argues that he was sentenced in violation of the principles articulated in Blakely v. Washington, 542 U.S. 296 (2004).  Specifically, he contends that the district court improperly increased his sentence based on the fact that the gun involved was stolen, a fact to which Grundy did not admit.  Because Grundy did not raise this issue before the lower court, we review his argument on appeal for plain error.  United States v. Oliver, 397 F.3d 369, 378 (6th Cir. 2005).

After Grundy was sentenced, the Supreme Court held in United States v. Booker, 543 U.S. 220 (2005), that "[a]ny fact (other than a prior conviction) which is necessary to

support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. Under Booker, the district court plainly erred by applying a sentencing enhancement on the basis of facts found by the judge, and normally we would vacate Grundy's sentence and remand for resentencing. See United States v. Jackson, 401 F.3d 747, 750 (6th Cir. 2005). In this case, however, Grundy received concurrent sentences of sixty months' imprisonment on both the felon-in-possession and conspiracy counts. He is subject to a statutory minimum sentence of sixty months' imprisonment on the conspiracy count pursuant to 21 U.S.C. § 841(b)(1)(B). Thus, even if we were to remand this matter to the district court, Grundy's sentence would not change. See United States v. Goliday, 145 Fed. Appx. 502, 507 (6th Cir. June 8, 2005). Accordingly, we decline to remand for resentencing under Booker.

**B.**

The Sentencing Guidelines set a base offense level of 14 for felon-in-possession convictions under 18 U.S.C. § 922(g)(1). U.S.S.G. § 2K2.1(a)(6). If, however, "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence[,]" the Guidelines provide for a base offense level of 20 under § 2K2.1(a)(4)(A). Grundy raises two challenges on appeal to the enhancement of his sentence under U.S.S.G. § 2K2.1(a)(4)(A). First, he argues that the district court engaged in unconstitutional fact-finding by determining that his prior

-4-

conviction constituted a crime of violence.  Second, he contends that because the use

of physical force is not an element of the prior offense of which he was convicted, the

district court erred in finding that his prior offense was a "crime of violence" as that term

is defined under the Sentencing Guidelines.  Both arguments are without merit.

As noted above, Booker requires that any fact "other than a prior conviction"

necessary to support a sentence exceeding the maximum authorized by the facts

established by a plea of guilty be admitted by the defendant or proven to a jury.  543

U.S. at 244.  As we have previously held, "certain aspects of the character of prior

convictions are so basic as to be implicit in the fact of a prior conviction" – including the

determination of whether a "prior conviction was for a crime of violence."  United States

v. Hollingsworth, 414 F.3d 621, 624 (6th Cir. 2005)(finding no Sixth Amendment

violation where district court determined that defendant's prior conviction was for a

crime of violence under the Guidelines).  It is "squarely within the province of the

sentencing judge" to determine whether a defendant's prior conviction constitutes a

"crime of violence" within the meaning of the Guidelines  Id. at 624.  Accordingly, the

district court did not err in determining that Grundy's prior conviction constituted a crime

of violence.

Grundy also challenges the district court's finding that his prior conviction for

sexual abuse meets the Guideline's definition of a "crime of violence."  We review the

district court's interpretation of the Sentencing Guidelines <u>de novo</u>. <u>United States v.</u>

<u>Arnold</u>, 58 F.3d 1117, 1120 (6th Cir. 1995). Under U.S.S.G. § 4B1.2(a), a "crime of

violence" is defined as:

> any offense under federal or state law, punishable by
> imprisonment for a term exceeding one year, that --
>
> (1) has as an element the use, attempted use, or threatened use
> of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of
> explosives, or otherwise involves conduct that presents a serious
> potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). In 1992, Grundy was convicted of First Degree Sexual Abuse for

having sexual contact with a person less than twelve years old in violation of Kentucky

law. Specifically, a jury found Grundy guilty of violating Kentucky Revised Statute

510.110, which provides that a person is guilty of sexual abuse in the first degree when:

> (a) He subjects another person to sexual contact by forcible compulsion;
> or
> (b) He subjects another person to sexual contact who is incapable of
> consent because he:
>
>> 1. Is physically helpless;
>> 2. Is less than twelve (12) years old; or
>> 3. Is mentally incapacitated.

KRS 510.110. Grundy contends that because he was convicted under subsection (b) of

the Kentucky statute, which does not involve the element of "forcible compulsion," his

prior offense should not be considered a crime of violence under the Guidelines. This

argument is unavailing.

To determine whether a particular offense constitutes a "crime of violence" under the Guidelines, this Court "follows a 'categorical approach limited to an examination of the fact of conviction and the statutory definition of the predicate offense.'" United States v. Campbell, 256 F.3d 381, 395-96 (6th Cir. 2001)(quoting Arnold, 58 F.3d at 1121). "Under this approach, it is not only impermissible, but pointless, for the court to look through to the defendant's actual criminal conduct." Id. at 396. Here, the district court properly employed the categorical approach and looked only at the fact of Grundy's conviction and the statutory definition of his offense under Kentucky law.

This Court has repeatedly held that sexual offenses involving minors "present a serious potential risk of physical injury to another" and constitute crimes of violence under § 4B1.2(a)(2). See Campbell, 256 F.3d at 396 (affirming lower court's determination that crime of second-degree sexual conduct involving sexual contact with a person, age 13 to 16, of same blood affinity presents serious potential risk of physical injury to another); United States v. Champion, 248 F.3d 502, 506 (6th Cir. 2001)(affirming lower court's determination that offense of sexually exploiting a minor presents serious potential risk of physical injury to another); United States v. Arnold, 1996 WL 435275, at *2 (6th Cir. Aug. 1, 1996)(affirming lower court's finding upon remand that offense of assault with attempt to commit sexual battery involving female child under the age of thirteen presents serious potential risk of physical injury to another); see also United States v. Hargrove, 416 F.3d 486, 495 (6th Cir. 2005)

(recognizing this Court's previous holdings that "sexual offenses involving victims who were minors amount to crimes of violence"). Accordingly, the district court did not err in finding that Grundy's prior conviction for first degree sexual abuse involving a child under the age of twelve was a crime of violence under U.S.S.G. § 4B1.2(a)(2).

**C.**

Grundy next challenges the district court's inclusion of three points in his criminal history score for his previous state-court conviction for driving without insurance. He contends that the sentence imposed for this conviction – a $500 fine, $450 of which was to be conditionally discharged after two years – does not qualify as a "term of probation" under either U.S.S.G. § 4A1.2(c)(1) or § 4A1.1(d), and therefore, the district court improperly calculated his criminal history score.

Section § 4A1.1 of the Sentencing Guidelines provides, in part:

(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.

(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1. The district court added one point to Grundy's criminal history score under § 4A1.1(c) for his sentence on the no-insurance conviction. The court added two

additional points under § 4A1.1(d) because Grundy committed the instant offense while "on probation" for the no-insurance conviction. This calculation was not erroneous.

Section 4A1.2(c)(1) of the Sentencing Guidelines provides that sentences for prior misdemeanor and petty offenses are included in a defendant's criminal history calculation unless they fall within an applicable exception. One exception provides that sentences for certain "prior offenses and offenses similar to them, by whatever name they are known" – which includes the offense of "[d]riving without a license or with a revoked or suspended license" – are counted in the criminal history calculation only if "the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days . . . ." U.S.S.G. § 4A1.2(c)(1)(A). This Court has previously held that a conditionally discharged fine is the "functional equivalent of 'unsupervised probation.'" United States v. Rollins, 378 F.3d 535, 538 (6th Cir. 2004)(holding that prior conviction for driving without insurance for which defendant was sentenced to two-year conditionally discharged fine was properly included in defendant's criminal history under § 4A1.2(c)(1)). Accordingly, the district court properly determined that Grundy's term of conditional discharge constituted the functional equivalent of unsupervised probation and included this sentence in his criminal history score under §§ 4A1.2(c)(1)(A) and 4A1.1(c).

Similarly, this Court has also previously held that a term of conditional discharge

constitutes a "criminal justice sentence" under § 4A1.1(d).  United States v. Trammel, 404 F.3d 397, 404 (6th Cir. 2005)(holding that two points were properly added under § 4A1.1(d) because defendant's underlying drug conspiracy began during two-year period of conditional discharge).  Since Grundy committed the instant offense during the two-year period of conditional discharge for driving without insurance, the district court properly added two points to his criminal history score under § 4A.1.1(d).

**D.**

Grundy's final argument is that the district court imposed a "heightened sentence" that failed to comport with his "bargain outside of the plea agreement" with the government for a term of imprisonment of twelve months and a day.  The existence of a separate, unwritten plea agreement must be proven by clear and convincing evidence.  United States v. Herrera,  928 F.2d 769, 773 (6th Cir. 1991).  In this case, there is no evidence in the record of a separate, unwritten plea agreement.  The record reveals nothing in the statements made by either Grundy or the government at sentencing that indicates that the parties entered into a separate bargain outside the written plea agreement in this case.  Moreover, Grundy's written plea agreement expressly contradicts his argument.  The written agreement provides that "[n]o agreement exists about what the Defendant's sentence will be" and further specifies that "[t]his document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant.  The United States has not made any other promises to the Defendant."  An integration

clause "normally prevents a criminal defendant, who has entered into a plea agreement, from asserting that the government made oral promises to him not contained in the plea agreement itself." United States v. Hunt, 205 F.3d 931, 935 (6th Cir. 2000). Additionally, when Grundy entered his pleas of guilty before the district court on April 18, 2003, he did not mention a separate agreement with the government outside the written agreement. Because Grundy failed to mention the existence of a separate, unwritten plea agreement before the district court and there is no evidence in the record that any such agreement ever existed, his challenge fails on appeal.

For the reasons set forth above, Grundy's sentence is AFFIRMED.