**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0391n.06**
**Filed: June 5, 2006**

**No. 05-5327**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| ANTONIO MONTREZE JOHNSON, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |

**BEFORE: NORRIS, SUHRHEINRICH, and ROGERS, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** Defendant Antonio Johnson appeals from the sentence imposed after he pleaded guilty to being a felon in possession of a firearm. 18 U.S.C. § 922(g). Defendant was sentenced on February 3, 2005 – just three weeks after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). On appeal, he contends that the district court violated the Sixth Amendment by sentencing him based upon factual findings related to his past convictions. He also advances the argument that Justice Breyer's remedial opinion in *Booker*, which held that the federal sentencing guidelines are advisory, should not apply retroactively because its logic exposes him to a greater maximum sentence than he would have faced under a mandatory guidelines regime.

**I.**

Plaintiff is a young man from Nashville with a troubled history dating back to a juvenile adjudication for arson at the age of ten. By the time he committed the offense of conviction, he had already amassed a record of felony convictions that included reckless aggravated assault, cocaine possession, and assault involving bodily injury to the mother of his child. In preparing the presentence report, the probation officer listed these offenses as the predicates supporting his 18 U.S.C. § 922(g) conviction.

Defendant elected to enter a guilty plea. At the time of the change of plea hearing, *Blakely v. Washington*, 542 U.S. 296 (2004), was barely two months old. Although *Blakely* did not involve a challenge to the federal sentencing guidelines, it generated considerable speculation about whether the Supreme Court would extend its logic to them in a subsequent case, which it ultimately did in *Booker*. Given the unsettled state of the law, the district court advised defendant that, although he had been told that his sentencing range was between 10 and 87 months of imprisonment, "[i]t's unclear whether the guidelines range will be binding on the court or whether it will simply be something the court needs to seriously consider." After defendant acknowledged the facts as presented by the government in support of the felon in possession charge, the district court accepted the plea and scheduled a sentencing hearing.

The docket reflects that the district court granted several motions to continue the sentencing hearing, which had been scheduled for October 25, 2004, but was finally scheduled for February 3, 2005. When the *Booker* decision issued on January 12, 2005, the court ordered counsel to file supplemental briefs discussing its impact.

The pre-sentence report calculated defendant's base offense level to be 24 pursuant to U.S.S.G. § 2K2.1(a)(2), which prescribes that level "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." In this case, the pre-sentence report cited the three convictions mentioned earlier – reckless aggravated assault, cocaine trafficking, and domestic assault – in support of its conclusion. It then recommended a three-level downward adjustment based upon acceptance of responsibility, U.S.S.G. § 3E1.l, for a total offense level of 21. The district court adopted these recommendations.

With respect to criminal history, the court assessed six points based upon prior convictions. It then added three points because the defendant committed the instant offense while on probation from another criminal justice sentence, U.S.S.G. § 4A1.1(d) (two points), and within two years of release from imprisonment, U.S.S.G. § 4A1.1(e) (one point). The nine-point total resulted in a criminal history category of IV. When coupled with the adjusted offense level of 21, a guidelines range of between 57 and 71 months of imprisonment resulted.

The district court imposed a sentence at the bottom of the guidelines range.

**II.**

*A. Contested Findings Related to Sentencing*

We turn first to defendant's contention that the district court exceeded its authority by relying upon various aspects of his criminal history to enhance his sentence. When a defendant preserves a constitutional challenge to his sentence by raising it in the district court, we review the issue *de novo* on appeal. *United States v. Copeland*, 321 F.3d 582, 601 (6th Cir. 2003).

In *Booker*, the Court reaffirmed the "prior conviction" exception that it first enunciated in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and retained in *Apprendi v. New Jersey*, 530 U.S. 466 (2000): "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244.

At the sentencing hearing, the district court asked defense counsel why the prior conviction exception should not apply. After conceding that she could not cite any cases in support of a contrary view, counsel stated, "[M]y primary position is that the prior conviction exception needs to be revisited." Although Justice Thomas has given some indication that "a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided," *see Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 1264, 161 L.Ed.2d 205, 219 (2005) (Thomas, J., concurring in part), the Court has not yet done so and, unless and until it does, the prior conviction exception retains its validity. Consequently, the district court did not err when it took note of defendant's three prior felony convictions, which increased defendant's base offense level from 12 to 24. *Compare* U.S.S.G. § 2K2.1(a)(2) *with* U.S.S.G. § 2K2.1(a)(6).

Whether the factors relied upon by the district court when calculating defendant's criminal history category – that he was on probation at the time of the offense and had been released from imprisonment within the past two years – fall within the prior conviction exception presents a closer question. We do not write on a clean slate, however. This court has recently taken the following approach when faced with sentencing considerations similar to those present in the instant case:

"[T]his circuit has repeatedly held . . . [that] certain aspects of the character of prior convictions are so basic as to be implicit in the fact of a prior conviction." *United States v. Hollingsworth*, 414 F.3d 621, 623 (6th Cir. 2005); *see also United States v. Barnett*, 398 F.3d 516, 524 (6th Cir. 2005) ("This Court, among others, has rejected the argument that *Apprendi* requires the nature of prior convictions to be determined by a jury, holding instead that the district court's authority to determine the existence of prior convictions was broad enough to include determinations regarding the nature of those prior convictions."); *United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004) ("In the usual case, we expect that a district court's determination that a defendant has a record of prior convictions will be accompanied by the judge's determination of when those convictions were entered."); *United States v. Santiago*, 268 F.3d 151, 156-57 (2d Cir. 2001) (discussing, in a pre- *Booker* and pre- *Blakely* case, the "different occasions" requirement for prior crimes in 18 U.S.C. § 924(e) and stating that "[j]udges frequently must make factual determinations for sentencing, so it is hardly anomalous to require that they also determine the 'who, what, when, and where' of a prior conviction").

[Defendant] alleges that the district court made five impermissible factual determinations regarding his prior convictions: (1) the date of commission, (2) the date the convictions were entered, (3) his age on the date of commission, (4) the length of the sentences imposed, and (5) whether [defendant] was still under a criminal-justice sentence when he committed the . . . offenses at issue. But [defendant] does not cite any authority holding that the district court is prohibited from making these findings. Common sense dictates that these facts are "so basic as to be implicit in the fact of a prior conviction." *See Hollingsworth*, 414 F.3d at 623. The date the offense was committed, the date of entry of the conviction, the duration of the sentence, and whether the sentence had expired before the offense at issue are facts basic to the conviction – the "when[s]." *See Santiago*, 268 F.3d at 156-57.

*United States v. Johnson*, ___ F.3d ___, 2006 WL 623595 at * 15-16 (6th Cir. Mar. 15, 2006) (amended opinion).  Just as in *Johnson*, defendant raises arguments that involve the "whens" of his prior convictions and, consonant with the reasoning of *Johnson* and *Hollingsworth*, we hold that they are sufficiently "implicit in the fact of his prior convictions" to fall within the prior conviction exception.  For that reason, the calculation of defendant's criminal history did not violate the Sixth Amendment.

B.  Retroactivity of Booker

As she did below, defense counsel contends that *Booker* should not be applied retroactively to her client.  She failed, however, to make this argument in her opening brief to this court, raising it for the first time in her reply brief.  Because the government had no opportunity to respond to this argument, we decline to reach it.  *Aetna Cas. and Sur. Co. v. Leahey Const. Co.*, 219 F.3d 519, 545 (6th Cir. 2000) (issue raised for the first time in reply brief should not be considered because appellee had no chance to respond); *accord Priddy v. Edelman*, 883 F.2d 438, 446 (6th Cir. 1989) ("We normally decline to consider issues not raised in the appellant's opening brief.").   As this case illustrates, unless both parties have an ample opportunity to present arguments, this court may receive an incomplete picture of the legal landscape.  Defense counsel failed to call this court's attention to contrary authority from this and other circuits in either her reply brief or in a letter filed pursuant to Federal Rule of Appellate Procedure 28(j).  Had she done so, the list of circuits rejecting one form or another of her retroactivity argument would have included the following: *United States v. Richardson*, 437 F.3d 550, 555 (6th Cir. 2006) (no retroactivity problem because "[c]onclusions about [defendant's] prior convictions would be treated the same before or after *Booker*"); *United States v. Vaughn*, 430 F.3d 518, 525 (2d Cir. 2005) (application of *Booker* to cases on direct review does not violate the *ex post facto* principle of the Due Process Clause), *petition for cert. filed*, (U.S. Mar. 1, 2006) (No. 05-9499); *United States v. Rines*, 419 F.3d 1104, 1106 (10th Cir. 2005) (noting that *Booker* stated that it applied to all cases on direct review), *cert. denied,* 126 S.Ct. 1089 (2006); *United States v. Dupas*, 419 F.3d 916, 920-21 (9th Cir. 2005) (defendant had fair warning of sentence, which "is the touchstone of the retroactivity analysis under the Due Process Clause"), *cert.*

*denied*, 74 U.S.L.W. 3504 (U.S. Mar. 6, 2006) (No. 05-9082); *United States v. Jamison*, 416 F.3d 538, 539 (7th Cir. 2005); *United States v. Scroggins*, 411 F.3d 572, 576 (5th Cir. 2005); *United States v. Duncan*, 400 F.3d 1297, 1306-08 (11th Cir. 2005).

As these cases make clear, to prevail on his retroactivity claim, defendant must demonstrate that he did not receive fair warning of his potential sentence, *Dupas*, 419 F.3d at 920-21, and that he was disadvantaged by application of *Booker*. *Richardson*, 437 F.3d at 555. With respect to the former, the district court explicitly told defendant at his plea hearing that the guidelines might well be advisory by the time of sentencing. With respect to the latter, defendant received a sentence at the low end of an advisory instead of a mandatory guidelines range and *Booker* did not adversely affect his *actual*, rather than hypothetical, sentence. Thus, even if we were to reach this retroactivity issue, defendant would not be entitled to re-sentencing.

**III.**

The judgment of the district court is **affirmed**.