**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0213n.06

**No. 06-6082**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Apr 07, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

     **Plaintiff-Appellee,**

v.

ESTEBAN AYALA-SEGOVIANO,

     **Defendant-Appellant.**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

_____/

**BEFORE:**    **KEITH, CLAY, and GRIFFIN, Circuit Judges.**

     **CLAY, Circuit Judge.**  Defendant, Esteban Ayala-Segoviano, appeals from his sentence after pleading guilty to one count of illegally reentering the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). For the reasons set forth below, we **VACATE** Defendant's sentence and **REMAND** for proceedings consistent with this opinion.

**BACKGROUND**

     On September 28, 2005, Defendant Esteban Ayala-Segoviano was charged with one count of illegally reentering the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On April 17, 2006, Defendant pled guilty to this charge. On August 14, 2006, the district court sentenced Defendant to 70 months imprisonment followed by a two year term of supervised release. The district court ordered that the term of supervised release be tolled upon Defendant's expected deportation.

1

During the April 17, 2006 plea hearing, Special Agent Glen Blache from the Bureau of Immigration and Customs Enforcement ("BICE") testified to the facts that the government would expect to prove at trial. According to Blache, Defendant is a citizen of Mexico who had previously been deported on three occasions. Defendant was previously convicted of voluntary manslaughter on April 29, 1996 in Clay County, Tennessee under the name Pedro Nyala Segobiano and sentenced to serve up to five years. He was last deported from the United States on June 8, 1999 under the name Esteban Nyala-Segoviano and returned to Mexico through El Paso, Texas. He was arrested again on September 9, 2004 in Rutherford County, Tennessee under the name Luis Angel Melgoza for a domestic assault committed on August 11, 2004. He pled guilty to that charge and was sentenced to serve 11 months and 29 days. He completed that sentence and came into the custody of BICE. Defendant's immigration file contains no record that Defendant obtained permission from the Attorney General or the Secretary of the Department of Homeland Security ("DHS") to reapply for admission or return to the United States.

At the plea hearing, Defendant acknowledged only that he illegally reentered the United States after being deported and did not admit or deny any information relating to his criminal history. Both the government and Defendant agreed that the issue of prior convictions is a sentencing factor and is not an element of the offense of illegal reentry. Thus, Defendant was not required to make any admissions regarding his criminal history for the court to accept his plea.

The U.S. Sentencing Guidelines ("USSG") require a 16 level enhancement to the offense level for an illegal reentry offense involving a prior aggravated felony considered to be a "crime of violence." USSG § 2L1.2(b)(1)(A). At the sentencing hearing, upon the recommendation of the probation officer and over Defendant's objection, the district court imposed a 16 level enhancement

for the voluntary manslaughter conviction obtained in 1996. Based on this enhancement, the court calculated the guideline range as 70 to 87 months before sentencing Defendant to 70 months imprisonment followed by a two year term of supervised release.

On August 14, 2006, Defendant filed a timely notice of appeal. On November 13, 2006, Defendant filed his brief in this appeal. On November 30, 2006, the government filed its opposition brief. On December 6, 2006, Defendant filed a motion asking that this appeal be held in abeyance pending *en banc* review by this Court of the panel decision in *United States v. Ossa-Gallegos*, 491 F.3d 537 (6th Cir. 2007). On January 11, 2007, this Court granted Defendant's motion and held this appeal in abeyance. Also on January 11, 2007, Defendant mailed his reply brief before receiving the order of this Court granting his motion to hold this appeal in abeyance. On January 12, 2007, Defendant's reply brief was received and filed by the Court.

On June 21, 2007, this Court issued its *en banc* decision in *Ossa-Gallegos*, 491 F.3d at 545, holding that district courts may not order tolling the period of supervised release as a special condition of supervised release pursuant to 18 U.S.C. § 3583(d). On July 6, 2007, Defendant filed a letter advising the Court of the decision in *Ossa-Gallegos*. On September 29, 2009, the government filed a supplemental brief in which it concedes that *Ossa-Gallegos* controls this case and that the district court lacks authority to order that the period of a defendant's supervised release be tolled during the time that he remains outside the jurisdiction of the United States following his deportation. Thus, this issue is no longer contested on appeal.

**DISCUSSION**

**I. Tolling Supervised Release**

Based on the controlling authority of *Ossa-Gallegos*, 491 F.3d at 545, we hold that the district court exceeded its authority by ordering that the period of Defendant's supervised release be tolled during the time that he remains outside the jurisdiction of the United States following deportation.

## II. Sixth Amendment Claim

"A district court's interpretation of the Sentencing Guidelines is subject to *de novo* review." *United States v. Williams*, 411 F.3d 675, 677 (6th Cir. 2005). Additionally, we review a constitutional challenge to a sentence *de novo*. *United States v. Hill*, 440 F.3d 292, 298 (6th Cir. 2006).

Defendant argues that the district court violated his Sixth Amendment rights by enhancing his sentence based on facts that were neither admitted by Defendant nor found by a jury beyond a reasonable doubt. Specifically, Defendant argues that the district judge violated his Sixth Amendment rights by applying a 16-level enhancement to Defendant's sentence based on a 1996 conviction for voluntary manslaughter, when Defendant did not admit or deny any information relating to his criminal history in his guilty plea. Defendant concedes that his argument is foreclosed by *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005), but Defendant raises this issue to preserve it for Supreme Court review. Defendant argues that it appears based on Justice Thomas' concurrence in *Shepard v. United States*, 544 U.S. 13, 27 (2005) that a majority of justices on the Supreme Court may be inclined to rule that the prior conviction exception to the *Apprendi-Booker* rule violates the Sixth Amendment. In the instant case, Defendant pled guilty to 8 U.S.C. §§ 1326(a) and (b)(2) without admitting or denying any information relating to his criminal history.

4

This Court has found that "a judge can make factual findings about a defendant's prior convictions without implicating the Sixth Amendment." *United States v. Richardson*, 437 F.3d 550, 555 (6th Cir. 2006) (citing *Booker*, 543 U.S. at 244; *Blakely v. Washington*, 542 U.S. 296, 301, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000); *United States v. Hollingsworth*, 414 F.3d 621, 624 (6th Cir. 2005) ("The determination that Hollingsworth's prior convictions for multiple counts of aggravated assault and aggravated robbery included at least one crime of violence was thus squarely within the province of the sentencing judge.")). In *Barnett*, this Court specifically foreclosed Defendant's argument by finding that a judge rather than a jury may determine both the fact and the nature of prior convictions under *Apprendi*. 398 F.3d at 525 ("the district court's authority to determine the existence of prior convictions [is] broad enough to include determinations regarding the nature of those prior convictions").

In addition, the Supreme Court has effectively foreclosed Defendant's argument under the specific statue at issue. Under 8 U.S.C. §1326(a), "any alien who–(1) has been . . . deported . . ., and thereafter (2) enters . . ., or is at any time found in, the United States [without the Attorney General's consent or the legal equivalent] shall be fined under title 18, or imprisoned not more than 2 years, or both." Section1326(b)(2) provides that in the case of any alien described in subsection a "whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both." 8 U.S.C §1326(b)(2). In *Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998), the Supreme Court held that 8 U.S.C. §1326(b)(2) "is a penalty provision [that] authorizes a court to increase the sentence for a recidivist,"

5

not a separate crime. Thus, the government is not required to charge the fact of an earlier conviction in the indictment for a judge to consider it during sentencing. *Id.* at 227.

Therefore, we hold that the district court did not violate Defendant's Sixth Amendment rights by enhancing his sentencing guideline offense level based upon a prior conviction for an aggravated felony.

**CONCLUSION**

Because the district court exceeded its authority by ordering that Defendant's supervised release be tolled during the time that he remains outside the jurisdiction of the United States following deportation, we **VACATE** the district court's sentence and **REMAND** for proceedings consistent with this opinion.

6